UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DOUGLAS A. REAVES,                          )
                                            )
                    Plaintiff,              )
                                            )
        v.                                  )        No. 2:18-cv-00077-JMS-DLP
                                            )
KIM HOBSON,                                 )
K. GILMORE,                                 )
WEXFORD MEDICAL SOURCES,                    )
ESTHER HINTON,                              )
DR. JEFF PEARCY,                            )
MIKE SMITH,                                 )
JULIE,                                      )
JUDIE,                                      )
DR. RUTHIE JIMERSON,                        )
                                            )
                    Defendants.             )

**Entry Granting Certain Defendants' Motion
For Judgment on the Pleadings, Discussing Other Pending Motions,
and Directing Plaintiff to Show Cause**

**I. Introduction**

Plaintiff Douglas A. Reaves brings this civil rights Eighth Amendment action alleging

deliberate indifference to his dental care needs while incarcerated at Wabash Valley Correctional

Facility ("Wabash Valley"). He seeks compensatory and punitive damages and injunctive relief.

Four of the nine defendants, Ruthie Jimerson, DDS, Jeff Pearcy, DDS, Nurse Kim Hobson, and

dental assistant Julie (Atkinson), have moved for judgment on the pleadings pursuant to Rule 12(c)

of the Federal Rules of Civil Procedure. The plaintiff has opposed the motion and the moving

defendants have replied. The moving defendants have also moved to strike the plaintiff's surreply.

For the reasons discussed in this Entry, the moving defendants' motion for judgment on

the pleadings, dkt. [41], must be **granted**.

## II. Background

The Court takes judicial notice of the plaintiff's prior action against Dr. Jimerson (and another dentist not named in this action), complaining about dental care at Wabash Valley in *Reaves v. Ruthie Jimerson*, *DDS, et al.*, 2:15-cv-0350-JMS-MJD (*Reaves I*). During the litigation of the plaintiff's claims in *Reaves I,* on April 15, 2016, the Court granted the plaintiff's motion for emergency medical injunction by ordering "Dr. Jimerson, or her designee with the authority to do so, shall refer Reaves to an outside dentist to examine and evaluate Reaves's teeth. The Court leaves whatever treatment, if any, is appropriate, to the determination of the outside dentist." *Reaves I,* dkt. 37, pp. 9-10. An outside dentist, Dr. Roshel, examined the plaintiff and noted some recession on teeth #21 and #22 and cavities on teeth #19, #29, #30, and #31. He recommended fillings. *Id.* at dkt. 44-1. A prison dentist other than Dr. Jimerson ultimately performed the dental work in June 2016. *Id.* at dkt. 80. The claims alleged in *Reaves I* were later resolved by settlement. A final Order dismissing that action with prejudice was issued on April 7, 2017. *Id.* at dkt. 107.

The plaintiff filed this 42 U.S.C. § 1983 action against the defendants on February 16, 2018, alleging deliberate indifference to his serious dental conditions in violation of the Eighth Amendment. Dkt. 1. In the complaint, the plaintiff recited his history of treatment by defendant Dr. Jimerson, alleging that he has suffered tooth damage and extreme pain as far back as 2010. Dkt. 1, pp. 17-19. The complaint alleges that sometime after the other prison dentist filled his cavities, Dr. Jimerson intentionally diagnosed him with advanced gum disease, which he disputes he has, and also advised that he should consider extraction of his teeth. Dkt. 1, pp. 14-15, 19. In addition, he alleges that he suffers from severe pain from a filling that fell out of tooth #14 on January 9, 2017, a tooth Dr. Jimerson had filled on March 21, 2014. Dkt. 1, pp. 19-20.

The complaint further alleges that Dr. Jeff Pearcy, supervisor over the dental department, and Nurse Kim Hobson, Health Care Administrator, failed to provide basic dental treatment when they allowed Dr. Jimerson to "intentionally diagnose[] the plaintiff with advanced gum disease" (when he believed he had no gum disease) and knew she wanted to pull his teeth that could be saved. Dkt. 1, pp. 6-7, 12-14. He alleges that he informed these defendants by letter than he had suffered pain when Dr. Jimerson treated him but they disregarded his serious dental needs. *Id.* He alleges that dental assistant Julie (Atkinson) failed to provide basic dental treatment by allowing Dr. Jimerson to continue bad dental practices that Julie witnessed without informing medical supervisors. Dkt. 1, pp. 11-12.

### III. Legal Standard

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the parties have filed a complaint and an answer. "[A] motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard as a Rule 12(b)(6) motion to dismiss." *Katz-Crank v. Haskett*, 843 F.3d 641, 646 (7th Cir. 2016). "To survive a Rule 12(b)(6) motion, the complaint must 'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must "accept the allegations in the complaint as true unless they are 'threadbare recitals of a cause of action's elements, supported by mere conclusory statements.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). "As the title of the rule implies, Rule 12(c) permits a judgment based on the pleadings alone. . . . The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *Northern. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

## IV. Discussion

The moving defendants argue that they are entitled to judgment because the plaintiff's claims against them are barred: 1) by the *Reaves I* settlement, 2) by the doctrine of *res judicata*, 3) by issue preclusion, 4) by the applicable statute of limitations, and 5) for failure to state a claim upon which relief can be granted. Dkt. 42. The Court finds that only the issues of *res judicata* and whether the allegations state a viable claim warrant discussion.[1]

### A. *Res Judicata*

The moving defendants argue that the plaintiff's Eighth Amendment claims of deliberate indifference for the dental care he received from 2010 through April 7, 2017, are precluded by the doctrine of *res judicata* based on the stipulation of dismissal entered in *Reaves I*. "A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and *res judicata*, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction...cannot be disputed in a subsequent suit between the same parties or their privies[.]" *Ross v. Bd. of Educ. of Tp. H.S. Dist. 211*, 486 F.3d 279, 282 (7th Cir. 2008) (internal quotations omitted). The three requirements for *res judicata* under federal law are: "(1) an identity of the causes of actions; (2) an identity of the parties or their privies; and (3) a final judgment on the merits" in the first lawsuit. *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016) (internal quotation omitted). If any one of these three requirements are not met, then *res judicata* is inapplicable.

---

[1] The defendants did not file a copy of the settlement agreement, so the Court cannot address whether the plaintiff's claims are barred by the terms of the settlement agreement in *Reaves I*.

### 1. Final Judgment

In *Reaves I*, the plaintiff and Dr. Jimerson entered into a stipulation for dismissal and the action was dismissed with prejudice. *Reaves I*, dkt. 107. For purposes of *res judicata* (claim preclusion), a stipulation for dismissal with prejudice constitutes a final judgment on the merits. *Brooks-Ngwenya v. Indianapolis Public Sch.*, 564 F.3d 804, 809 (7th Cir. 2009) (holding that dismissal with prejudice based on a settlement agreement is a final judgment for purposes of claim preclusion). Accordingly, the first requirement for *res judicata* has been met in this case with respect to the claims against Dr. Jimerson.

### 2. Identity of Causes

Next, to allow the application of *res judicata*, there must exist an "identity of the causes of action." *Central States, Southeast and Southwest Areas Pension Fund v. Hunt Truck Lines, Inc.*, 296 F.3d 624, 628 (7th Cir. 2002). "[T]he test for an identity of the causes of action is whether the claims arise out of the same set of operative facts or the same transaction." *Kilburn-Winnie v. Town of Fortville*, 891 F.3d 330, 333 (7th Cir. 2018) (internal quotation omitted). Stated another way, "two claims are one for purposes of *res judicata* if they are based on the same, or nearly the same, factual allegations." *Herrmann v. Cencom Cable Assocs., Inc.*, 999 F.2d 223, 226 (7th Cir. 1993). "*Res judicata* bars any claims that were litigated or *could have been* litigated in a previous action." *Kilburn-Winnie,* 891 F.3d at 333 (internal quotation omitted).

Both actions allege that Dr. Jimerson provided deficient dental care to the plaintiff such that it amounted to deliberate indifference in violation of the Eighth Amendment. The plaintiff argues, however, that he is pursuing claims that post-date the dismissal of *Reaves I*: 1) that he was experiencing pain from the filling that came out of tooth #14 on January 9, 2017, and 2) that Dr. Jimerson intentionally diagnosed him with advanced gum disease and wanted to pull out his teeth.

To the extent that some of the plaintiff's claims accrued after *Reaves I* was dismissed, the second requirement for *res judicata* has been not met.

### 3.  Identity or Privity of Parties

Finally, in order for *res judicata* to apply to this action, the parties in *Reaves I* and the instant action must either be identical or in privity with each other. *Kilburn-Winnie*, 891 F.3d at 333. The only defendant who was named in this action and in *Reaves I* is Dr. Jimerson. The defendants argue that *res judicata* is appropriate to bar the claims against the other moving defendants because they are in privity with Dr. Jimerson by virtue of all being dental providers. Dkt. 42, p. 16.

Privity exists between the parties if they are "so closely aligned that they represent the same legal interest." *Kunzelman v. Thompson*, 799 F.2d 1172, 1178 (7th Cir. 1986) (internal quotation omitted); *accord In re L & S Indus., Inc.*, 989 F.2d 929, 932 (7th Cir. 1993) ("Privity is an elusive concept. It is a descriptive term for designating those with a sufficiently close identity of interests."). Here, the other moving defendants face individual liability if found to be deliberately indifferent to the plaintiff's serious dental care needs. Defendants Dr. Jeff Pearcy, Kim Hobson, and dental assistant Julie have not shown that they are in privity with Dr. Jimerson. Additionally, as noted, the defendants failed to include a copy of the settlement agreement for the Court's review to determine whether the agreement encompassed other dental providers. Thus, the doctrine of *res judicata* does not apply to defendants Dr. Jeff Pearcy, Kim Hobson, and dental assistant Julie. The third requirement for *res judicata* is met in this case only as to Dr. Jimerson.

Thus, claims asserted against Dr. Jimerson that accrued prior to April 7, 2017, are barred by the doctrine of *res judicata.* Any new acts or allegations of deliberate indifference against Dr.

Jimerson that accrued after the settlement agreement are not barred. The claims against Dr. Jeff Pearcy, Kim Hobson, and dental assistant Julie are not precluded by *res judicata*.

B. Deliberate Indifference

As noted, the plaintiff's allegations against Dr. Jimerson post-*Reaves I* are that: 1) he had a lost filling in tooth #14 that caused him pain, and 2) she misdiagnosed him with advanced gum disease. His allegations against defendants Kim Hobson and Dr. Pearcy are that they failed to provide basic dental treatment by allowing Dr. Jimerson to diagnose him with advanced gum disease. His claim against Julie is that she was aware of Dr. Jimerson's bad dental practices but failed to notify supervisors.

To prevail on an Eighth Amendment claim of deliberate indifference to medical needs, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed, but disregarded that risk. *See Farmer v. Brennan*, 511 U.S. 825, 837-47 (1994); *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). The moving defendants argue that the plaintiff cannot show that they were deliberately indifferent to his serious dental needs or that he suffered any harm.

In April 2017, the plaintiff submitted two healthcare request forms asking to see a dentist other than Dr. Jimerson because he needed to get his teeth cleaned, tooth # 14 filled, and other fillings replaced. Dkt. 1, p. 21, ¶ 9; dkt. 1-1, pp. 41-42. He also complained that he believed Dr. Jimerson had improperly diagnosed him with gum disease. *Id.* Both Nurse Hobson and Dr. Pearcy responded that Dr. Jimerson was the facility dentist and if he wanted dental treatment, Dr. Jimerson would provide it to him. Dkt. 1-1, pp. 22, 42. It is undisputed that the plaintiff refused to have Dr.

Jimerson perform any dental work on him after 2016 and refused to allow Dr. Jimerson to treat tooth #14 in 2017. Dkt. 1-1, p. 43-45; dkt. 1, p. 22. ¶ 9; dkt. 49, p. 2.

### 1. Tooth #14[2]

Turning to the plaintiff's allegation that a filling fell out of tooth #14 and caused him pain, the Court finds that the experience of this pain satisfies the first objective element of a deliberate indifference claim. The second element, however, is lacking because the plaintiff does not allege that the defendants delayed or refused to provide treatment. Rather, the plaintiff refused dental care from Dr. Jimerson to replace the filling. Dkt. 1-1, p. 45. When an inmate chooses not to receive treatment, the doctor is not deliberately indifferent. *See Pinkston v. Madry*, 440 F.3d 879, 892 (7th Cir. 2006) (finding no deliberate indifference when inmate refused offered medical care); *Walker v. Peters*, 233 F.3d 494, 500 (7th Cir. 2000) (finding no deliberate indifference when inmate refused to take preliminary test before beginning treatment).

Moreover, under the Eighth Amendment, an inmate "is not entitled to demand specific care." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). "[H]e is not entitled to the best care possible. [H]e is entitled to reasonable measures to meet a substantial risk of serious harm to [him]." *Id.*; *see also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) (same). Because the plaintiff refused available dental treatment from the facility dentist to replace the filling in tooth #14, there was no deliberate indifference by any of the defendants with respect to this claim. As such, the plaintiff's claim that the defendants were deliberately indifferent to the pain in tooth #14 after the filling fell out is **dismissed for failure to state a claim**.

---

[2] In his sur-reply, the plaintiff reports that Dr. Meyer extracted tooth #14 on June 29, 2018. Dkt. 52, p. 3.

## 2. Advanced Gum Disease

With respect to the claim that Dr. Jimerson made an erroneous diagnosis of advanced gum disease, misdiagnosis by itself does not satisfy the second prong of a deliberate indifference claim. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996) (noting the difference between deliberate indifference and negligence in diagnosing or treating a condition and that only the former violates the Eighth Amendment). Indeed, even an allegation of medical malpractice does not state a claim for deliberate indifference. *Mitchell v. Kallas,* 895 F.3d 492, 501 (7th Cir. 2018). Here, the plaintiff cannot show that Dr. Jimerson disregarded a substantial risk of harm posed by the misdiagnosis because Dr. Jimerson did not treat any gum disease or extract any teeth.[3] Again, the plaintiff refused to allow Dr. Jimerson to perform any dental work. Accordingly, the plaintiff's claim that defendant Dr. Jimerson was deliberately indifferent when she diagnosed (or misdiagnosed) him with advanced gum disease is **dismissed for failure to state a claim**.

Because the plaintiff's allegation regarding the diagnosis of advanced gum disease does not state a claim for deliberate indifference, his claims against the other moving defendants fail as well. The plaintiff's claims that Dr. Jeff Pearcy and Kim Hobson "allowed" Dr. Jimerson to diagnose him with advanced gum disease fail because making such a diagnosis did not violate the constitution. Moreover, these defendants did offer treatment. With regard to the claim against dental assistant Julie, the plaintiff's premise that Dr. Jimerson was deliberately indifferent by

---

[3] On May 9, 2018, the plaintiff filed a motion to give notice stating that he no longer wished to pursue his motion for preliminary injunction, dkt. 8, because Dr. Jimerson was no longer providing him dental care. Dkt. 44. He also filed a notice to the Court on September 11, 2018, that Dr. Jimerson is no longer employed at Wabash Valley. The plaintiff is now receiving dental care from the new dentist at Wabash Valley, Dr. Dennis Meyer. Dr. Meyer recently filled teeth # 21 and 22. The plaintiff confirms that the dental care he is receiving from Dr. Meyer is good. Dkt. 55.

making an allegedly incorrect diagnosis is faulty. Therefore, his derivative claim against Julie that she was aware of Dr. Jimerson's bad dental practices but failed to notify supervisors fails to state a claim of deliberate indifference as well. Therefore, the claims against defendants Dr. Jeff Pearcy, Kim Hobson, and dental assistant Julie are **dismissed for failure to state a claim upon which relief can be granted.**

## V. Conclusion and Other Pending Motions

The defendants' motion for judgment on the pleadings, dkt. [41], is **granted.** Any claim against defendant Dr. Jimerson that predated the resolution of *Reaves I* on April 7, 2017, is barred by the doctrine of *res judicata*. The post-*Reaves I* claims against defendants Dr. Ruthie Jimerson, Dr. Jeff Pearcy, Kim Hobson, and dental assistant Julie are **dismissed for failure to state a claim upon which relief can be granted.**

**The clerk is instructed** to update the docket to **terminate these four defendants** on the docket.

The defendants' motion to strike the plaintiff's sur-reply, dkt. [53], is **denied**.

The plaintiff's motion for assistance with recruiting counsel alleges that he will need help with depositions and discovery in this case. Because this action is being decided based on the pleadings, his motion, dkt. [48], is **denied.**

The plaintiff's motion to attach exhibit, dkt. [56], is **denied as untimely and irrelevant** to the Court's ruling on the motion for judgment on the pleadings.

The defendants' motion to strike plaintiff's motion to attach exhibit, dkt. [57], is **denied as moot.**

## VI. Show Cause

The plaintiff shall have **through October 19, 2018**, to show cause why the identical claims against the remaining defendants, K. Gilmore, Wexford Medical Sources, Esther Hinton, Mike Smith, and dental assistant Judy, should not be dismissed for the same reasons stated in this Entry.

No partial final judgment shall issue at this time.

**IT IS SO ORDERED**.

Date: 9/21/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DOUGLAS A. REAVES
881987
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Amanda Elizabeth Fiorini
INDIANA ATTORNEY GENERAL
Amanda.Fiorini@atg.in.gov

Adriana Katzen
BLEEKE DILLON CRANDALL ATTORNEYS
adriana@bleekedilloncrandall.com

Christine Potter Wolfe
INDIANA ATTORNEY GENERAL
christine.wolfe@atg.in.gov